UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**WILLIE HAMILTON,**                             Chapter 13
    Debtor                                  Case No. 04-10133-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**WILLIE HAMILTON**
    Plaintiff
v.                                                Adv. P. No. 07-1044

**AMC MORTGAGE SERVICES, INC.,**
    Defendant
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

On June 3, 2008, this Court entered an order dismissing the above captioned case pursuant to Fed. R. Bankr. P. 7016(f) because Debtor's counsel failed to comply with an order dated May 2, 2008, requiring him to obtain by June 2, 2008 an order appointing the deceased Debtor's daughter, Candace Hamilton ("Hamilton"), administratrix of her father's estate. Although Candace Hamilton was appointed administratrix on June 9, 2008, this Court, on June 13, 2008, denied a Motion filed by Debtor's counsel, David G. Baker, for Relief from Order for the reasons stated in the Defendant's Opposition and Sur Reply to

1

Counsel's Response to its Opposition.[1] Hamilton did not appeal either the Court's order of June 3, 2008 or June 13, 2008.

On January 27, 2009, Hamilton filed a Motion for Relief from Order Dismissing Proceeding, relying upon the recent decision of the United States Bankruptcy Appellate Panel for the First Circuit in <u>Hamilton v. Appolon (In re Hamilton)</u>, 399 B.R. 717 (B.A.P. 1st Cir. 2009), and Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60. The panel's decision related to orders entered by this Court in another adversary proceeding commenced by the Debtor. In her Motion, Hamilton asserts that the Bankruptcy Appellate Panel's decision satisfies the requirement of Rule 60(b)(6), namely that the court may relieve a party from a final judgment for "any other reason that justifies relief," and warrants relief from this Court's order of dismissal dated June 3, 2008.

AMC Mortgage Services, Inc. filed an Opposition to the Motion, arguing that relief from a judgment is inappropriate where the plaintiff has failed to appeal the order of dismissal and where it was not a party to or a participant in the adversary proceeding in

---

[1] In its Opposition to the Motion for Relief from Order, the Defendant outlined instances in which Debtor's counsel failed to comply with discovery deadlines or to respond to discovery requests. It stated:

> The Court has given plaintiff ample opportunity - approximately seven months - to have an administrator appointed, and the deadline for having realized the appointment of an administrator is only one among many in this case that has been missed by plaintiff. Plaintiff should not be entitled to keep AMC indefinitely in a type of litigative limbo while failing to comply with deadlines imposed by both the Federal Rules of Bankruptcy Procedure and this Court.

which Hamilton filed an appeal. Specifically, it argued that Hamilton's failure to file a notice of appeal renders the Court's June 3, 2008 order of dismissal final and not subject to further review, citing, *inter alia,* In re High Voltage Eng'g Corp., 544 F.3d 315, 318-19 (1st Cir. 2008).

In the bankruptcy cases of High Voltage Engineering Corporation and its affiliates, this Court entered identical orders in cases filed by the debtor and its affiliates in 2004, which cases remained open after confirmation when subsequent cases were filed by the debtor and its affiliates in 2005. In each order, the Court denied a Rule 60(b) motion that had been filed in each subset of cases. 544 F.3d at 317. The trustee, however, filed a notice of appeal in the 2005 cases only. In sustaining the district court's dismissal of the appeal, the First Circuit determined that the notice of appeal was filed in the wrong subset of cases. It stated:

> It is an elementary principle that a notice of appeal cannot be filed in a desultory fashion but, rather, must specify a particular order or judgment and must be filed within the four corners of the case in which that order or judgment was entered. *See, e.g.,* Constructora Andrade Gutiérrez, S.A. v. Am. Int'l Ins. Co., 467 F.3d 38, 43-44 (1st Cir.2006); United States v. Carelock, 459 F.3d 437, 442-43 (3d Cir.2006); *see also* Smith v. Barry, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992) (warning that "noncompliance [with Federal Rule of Appellate Procedure 3] is fatal to an appeal"). The trustee transgressed this principle: the orders of which he complained (the November 8, 2004 fee orders) concerned only the 2004 cases and were entered exclusively on the docket in those cases. Consequently, the challenge to them-the Rule 60(b) motion-had to be filed in those cases. *See, e.g.,* Fed.R.Civ.P. 60 advisory committee's note (1946 amend.) (indicating that motion under Rule 60(b) must be brought "in the court and in the action in which the judgment was rendered"); *see also* Budget Blinds, Inc. v. White, 536 F.3d 244, 252-56 (3d Cir.2008) (collecting cases); 12 James Wm. Moore et al., Moore's Federal Practice-Civil § 60.60 (explaining "that the drafters of [Rule 60(b)] contemplated that the motion . . . would always be brought in the

court and in the action in which the judgment was rendered") (citation and internal quotation marks omitted). Thus, even though the trustee, for whatever reason, double-filed the Rule 60(b) motion in the 2005 cases, that additional filing was a nullity. After all, the motion did not identify any order in the 2005 cases that was subject to rescission, vacation, or modification.

It follows, then, that when the bankruptcy court denied the Rule 60(b) motion, that denial had practical force and effect only in the 2004 cases. The court duly entered its order in those cases. The trustee, however, took no appeal in those cases. The appeal period ran. Thus-as the district court observed-the denial order became final and unappealable. *See* Fed. R.App. P. 4(a)(1)(A); *see also* Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007). That was game, set, and match.

544 F.3d at 318.

As noted, Hamilton did not file a notice of appeal in the adversary proceeding against AMC Mortgage Services, Inc, yet she asserts that the outcome in Hamilton v. Appolon (In re Hamilton), 399 B.R. 717 (B.A.P. 1st Cir. 2009), should be grounds for relief under Rule 60(b)(6). In Simon v. Navon, 116 F.3d 1 (1st Cir. 1997), the First Circuit stated: "Appellant faces formidable hurdles in pursuing a 60(b)(6) claim. There must exist "exceptional" circumstances that justify "extraordinary" relief." Id. at 5 (citing Valley Citizens for a Safe Environment v. Aldridge, 969 F.2d 1315, 1317 (1st Cir.1992)). The First Circuit added:

> Appellant's first hurdle is the rule of mutual exclusivity, that is, that a motion under Rule 60(b)(6) "is only appropriate when none of the first five subsections pertain," Cotto v. United States, 993 F.2d 274, 278 (1st Cir.1993); *see also* Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 & n. 11, 108 S.Ct. 2194, 2204 & n. 11, 100 L.Ed.2d 855 (1988); Wright & Miller, Kane, *supra*, § 2864 at 357. One rationale of this rule is obvious and relevant here: were Rule 60(b)(6) to allow a second out-of-time bite at the same apple, the stringent, finalityenforcing [sic] limitation period of 60(b)(1)-(3) would be eviscerated. This rule, however, does have a small escape hatch, in the event

4

of "extraordinary circumstances." Ackermann v. United States, 340 U.S. 193, 197-202, 71 S.Ct. 209, 211-14, 95 L.Ed. 207 (1950); Cotto, 993 F.2d at 278; Wright & Miller, Kane, supra, § 2864 at 365.

116 F.3d at 5. "Courts generally find extraordinary circumstances warranting relief under Rule 60(b)(6) only where the movant was not at fault in his predicament, and was unable to take steps to prevent the judgment from which relief is sought." In re Rodriguez Gonzalez, 396 B.R. 790 (B.A.P. 1st Cir. 2008)(citing 12 James Wm. Moore, Moore's Federal Practice § 60.48[3][c] (3d ed.2005) ). *See also* In re LaFata, 344 B.R. 715, 726 (B.A.P. 1st Cir. 2006).

Hamilton filed a response to the Defendant's Opposition, stating that "[t]he present motion is not a substitute for an appeal . . . [but] . . . [r]ather . . . asks the court to recognize that an error was made for the reasons set forth by the Bankruptcy Appellate Panel in the Appolon appeal, and to correct the error." She also suggests that Fed. R. Bankr. P. 9023, which makes Fed. R. Civ. P. 59 applicable to bankruptcy proceedings, enables her to apprise the Court of its errors of law or fact and correct them without the necessity of appellate procedures. As the Defendant observed it its Sur-Reply, however, Rule 59 requires that relief be sought "no later than 10 days after the entry of judgment."

The Court finds that Hamilton could have filed a notice of appeal in the adversary proceeding against AMC Mortgages Services, Inc. at the same time as she filed the notice of appeal in the adversary proceeding against Appolon and others, but she chose not to do so. Because Hamilton did not file a notice of appeal, this Court cannot find that Hamilton has satisfied the stringent requirements of Rule 60(b)(6) and is without fault in her

5

predicament. Thus, the position advanced by Hamilton in her Motion for Relief from Order Dismissing Proceeding lacks merit.

The Court dismissed the adversary proceeding on June 3, 2008 pursuant to Fed. R. Civ. P. 16(f)(1)(C). That order did not specify whether it was with, or without, prejudice. Moreover, the Court's order of July 25, 2008 dismissing the Debtor's Chapter 13 bankruptcy case specified that "the debtor's administrator is free to pursue any claims of the debtor in state court in light of the dismissal of this case." Accordingly, the Court clarifies the existing record and amends its order dated June 3, 2008 in this adversary proceeding. The dismissal of the Debtor's adversary proceeding against AMC Mortgage Services, Inc. is without prejudice to any actions Hamilton may bring in an appropriate state court forum.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: July 15, 2009
cc: Carolyn Bankowski, Esq., David G. Baker, Esq.,Gregory N. Blase, Esq.